UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE THOMAS,

       Plaintiff,                                          Hon. Ellen S. Carmody

v.

                                                              Case No. 1:12-cv-151

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act. On June 7, 2012, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #13).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 51 years old on his alleged disability onset date. (Tr. 131-43). He successfully completed high school, received additional vocational training in the culinary arts, and worked previously as a die caster and auto detailer. (Tr. 17, 159, 170-76). Plaintiff applied for benefits on April 21, 2010, alleging that he had been disabled since March 1, 2009, due to a stroke. (Tr. 131-43, 158). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 61-130). On April 14, 2011, Plaintiff appeared before ALJ Mario Silva, with testimony being offered by Plaintiff and vocational expert, Ronald Malik. (Tr. 25-59). In a written decision dated June 10, 2011, the ALJ determined that Plaintiff was not disabled. (Tr. 10-19). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pro se appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**RELEVANT MEDICAL HISTORY**

On November 19, 2008, Plaintiff suffered a right-sided ischemic cerebral infarct. (Tr. 215-17). Subsequent evaluation revealed that Plaintiff experienced "a small, ulcerated plaque in the right carotid bulb with no significant stenosis." (Tr. 218). On October 25, 2008, Dr. Kourosh

Baghelai performed a right carotid endarterectomy[1] after which Plaintiff "regained the majority of his deficits." (Tr. 218-29).

On January 12, 2009, Plaintiff reported that he had returned to school to become a truck driver. (Tr. 248). Treatment notes dated March 4, 2009, reveal that Plaintiff "is doing well" with "no TIA or stroke symptoms." (Tr. 229). The results of a carotid ultrasound examination were "unremarkable." (Tr. 229). Treatment notes dated August 13, 2009, reveal that Plaintiff "is doing well" with "no TIA or stroke symptoms." (Tr. 228). On February 24, 2010, Dr. Baghelai reported that Plaintiff "has no clinical or ultrasound evidence of significant carotid stenosis." (Tr. 230).

On July 27, 2010, Plaintiff participated in a consultive examination conducted by Paul Kitchen, Ph.D. (Tr. 256-60). The doctor observed that Plaintiff "does appear to have some very mild cognitive issues related to his history of stroke," but the results of a mental status examination were otherwise unremarkable. (Tr. 257-60). Dr. Kitchen diagnosed Plaintiff with "possible mild neurocognitive disorder." (Tr. 260).

On August 19, 2010, Plaintiff participated in a consultive examination conducted by Dr. Adam McGregor. (Tr. 262-64). The results of a musculoskeletal examination revealed the following:

> There are no obvious bony deformities. Peripheral pulses are easily palpated and symmetrical. There is no extremity edema. There is no evidence of varicose veins. Range of motion of all joints checked is full. There is no tenderness, erythema or effusion of any joint. Grip strength is normal. The hands have full dexterity.

(Tr. 263). The results of a neurological examination revealed the following:

---

[1] Endarterectomy is the general term for the surgical removal of plaque from an artery that has become narrow or blocked. *See* Endarterectomy, available at http://www.vascularweb.org/vascularhealth/Pages/endarterectomy.aspx (last visited on December 7, 2012).

> No focal weakness is noted in the upper or lower extremities bilaterally. No gross deficit in sensation is noted. The patient was able to perform finger to nose testing coordination with little or no difficulty bilaterally. The patient was able to pick up a coin out of examiner's hand with little or no difficulty bilaterally. Motor and sensory function remains intact. Cranial nerves II through XII are grossly intact. Reflexes are present and symmetrical. No disorientation is noted.

(Tr. 263). The doctor concluded that "on exam today, [Plaintiff] has an essentially non-focal exam with no gross deficits." (Tr. 264).

On January 19, 2011, Plaintiff participated in a carotid duplex examination the results of which revealed "minimal plaque formation...which does not result in a hemodynamically significant stenosis." (Tr. 306). X-rays of Plaintiff's cervical spine, taken on January 21, 2011, were "essentially normal." (Tr. 317).

On February 23, 2011, Dr. Baghelai reported that Plaintiff "has no clinical or ultrasound evidence of significant carotid stenosis." (Tr. 323). The doctor "advised [Plaintiff] to continue with statin and anti-platelet therapy." (Tr. 323). On March 31, 2011, Plaintiff participated in a lower extremity arterial examination the results of which revealed "normal perfusion" of Plaintiff's right and left lower extremities. (Tr. 329).

### ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a

---

[2] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

5

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from status post cardiovascular accident and hypertension, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 12-15).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work subject to the following limitations: (1) he can lift 20 pounds occasionally and 10 pounds frequently; (2) he can stand/walk and sit for six hours each during an 8-hour workday; (3) he can never crawl or climb ladders, ropes, or scaffolds; (4) he can occasionally balance, stoop, kneel, crouch, and climb stairs and ramps; (5) he must avoid moderate exposure to extreme heat; and (6) must avoid concentrated exposure to dangerous moving machinery or unprotected heights. (Tr. 15).

The ALJ concluded that Plaintiff was unable to perform any of his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned vocational expert Ronald Malik.

The vocational expert testified that there existed approximately 48,200 jobs in the state of Indiana which an individual with Plaintiff's RFC could perform, such limitations

7

notwithstanding. (Tr. 53-55). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

Plaintiff is proceeding in this matter without benefit of counsel and has failed to submit a brief or other pleading in support of his appeal. Thus, Plaintiff has failed to identify any error, mistake, or shortcoming in the ALJ's decision denying his claim for benefits. Despite Plaintiff's failure to assert any claim or issue that could entitle him to relief, the Court has thoroughly reviewed the record to determine whether the ALJ's decision suffers from any obvious defects or deficiencies. This review reveals nothing which calls into question the ALJ's decision making process, the legal standards he applied, or the substantiality of the evidence in support of his decision. Specifically, the Court notes that the medical evidence of record does not support Plaintiff's claim of complete disability. Moreover, none of Plaintiff's care providers have imposed on Plaintiff limitations which are inconsistent with the ALJ's RFC determination. While the Court does not dispute that Plaintiff suffers from severe impairments which impose certain functional limitations, the ALJ's determination that there nevertheless exist a significant number of jobs which Plaintiff could perform despite his limitations enjoys substantial support in the record. Accordingly, the Court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

**CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date: December 11, 2012                             /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge